IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| IN RE: CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST,<br><br>  Objector. | MISC. NO. 20-443<br>[CIV. NO. 20-00395 JMS-KJM]<br><br>OBJECTION TO EX PARTE MOTION FOR LEAVE TO FILE COMPLAINT; SCHEDULE A, PUBLICLY WITH REDACTIONS AND SUBMIT UNREDACTED VERSION UNDER SEAL [DKT. 10]; and CERTIFICATE OF SERVICE |

**OBJECTION TO EX PARTE MOTION FOR LEAVE TO FILE COMPLAINT; SCHEDULE A, PUBLICLY WITH REDACTIONS AND SUBMIT UNREDACTED VERSION UNDER SEAL [DKT. 10]**

Pursuant to the public right of access guaranteed by the First Amendment of the United States Constitution, on the current publicly accessible record, Civil Beat Law Center for the Public Interest (Law Center) objects to the proposed sealing of portions of the complaint [Dkt. 1], sealing of the motion to proceed under pseudonyms [Dkt. 7], and sealing of the motion to seal [Dkt. 10] in *Doe Corp. v. Individuals*, Civ. No. 20-000395 JMS-KJM.  Sealing the entirety of the underlying motions denies the public a "meaningful opportunity" to address sealing on the merits. *E.g.*, *Phoenix Newspapers, Inc. v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998).  In the absence of any publicly accessible justification for sealing, the

Law Center only can observe that nothing about the nature of a trademark infringement complaint would fall within the clear confines of existing case law regarding pseudonyms and sealing.

The Law Center thus respectfully requests that the Court deny the motion to proceed pseudonymously and order Dkt. 1, 7, and 10 publicly filed without pseudonyms.  In the alternative, the Law Center asks that the Court order Plaintiffs to file a publicly accessible version of the motions [Dkt. 7 and 10] and provide the public a meaningful opportunity to review those motions and, if appropriate, to object and request a hearing.

The public has a qualified <u>constitutional</u> right and thus presumption of access to complaints filed in civil cases.[1]  *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589-94 (9th Cir. 2020) [*Planet III*].  The public also has a qualified constitutional right and thus presumption of access to motions to seal and supporting memoranda.[2]  *In re Copley Press, Inc.*, 518 F.3d 1022,

---

[1] In contrast, the Ninth Circuit's analysis in *Kamakana* and *Center for Auto Safety* concerned the common law right of access, not the more stringently protected constitutional right.  *E.g., Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) ("the common law right of access promotes . . . .").

[2] The Law Center recognizes that portions of the memoranda may be protected to the extent that the documents recite or attach the very information sought to be sealed.  *E.g., Copley Press*, 518 F.3d at 1027-28.  But on the current record—with the entirety of the motions sealed—it is

1028 (9th Cir. 2008) ("To sum up: The public has a qualified right to access . . . the government's motion to seal and the memoranda supporting it . . . .").

The constitutional right of public access to judicial proceedings is among those rights that, "while not unambiguously enumerated in the very terms of the [First] Amendment, are nonetheless necessary to the enjoyment of other First Amendment rights." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982). "A major purpose of that Amendment was to protect the free discussion of governmental affairs." *Id.*; *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575 (1980) (plurality opinion) (the freedoms in the First Amendment "share a common core purpose of assuring freedom of communication on matters relating to the functioning of government"). Thus, to the extent that the constitution guarantees a qualified right of public access, "it is to ensure that this constitutionally protected 'discussion of governmental affairs' is an informed one." *Globe Newspaper*, 457 U.S. at 605; *Richmond Newspapers*, 448 U.S. at 587 (Brennan, J., concurring) ("Implicit in this structural role is not only the principle that

---

impossible for the public to discern whether the proffered justifications for sealing are privacy, trade secrets, or any number of other possibilities.

debate on public issues should be uninhibited, robust, and wide-open, but also the antecedent assumption that valuable public debate—as well as other civic behavior—must be informed.").

"By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604. "[Openness] gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias or partiality." *Richmond Newspapers*, 448 U.S. at 569 (plurality); *accord Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 508 (1984) [*Press-Enter. I*] ("[T]he sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known.").

"The presumption of access to judicial proceedings flows from an 'unbroken, uncontradicted history' rooted in the common law notion that 'justice must satisfy the appearance of justice.'" *Planet III*, 947 F.3d at 589. "A result considered untoward may undermine public confidence, and where the trial has been concealed from public view an unexpected outcome can cause a reaction that the system at best has failed and at worst

4

has been corrupted." *Richmond Newspapers*, 448 U.S. at 571 (plurality); *Press-Enter. I*, 464 U.S. at 508 ("Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."). "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572 (plurality).

To preserve the societal values reflected in the First Amendment, the U.S. Supreme Court held that "[c]losed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enter. I*, 464 U.S. at 509. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 510; *accord Globe Newspaper*, 457 U.S. at 606-07.

To preserve the constitutional presumption of public access to judicial records, procedural and substantive requirements must be met before records are sealed. *E.g.*, *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990). "It is the burden of the party seeking

5

closure . . . to present facts supporting closure and to demonstrate that available alternatives will not protect his rights." *Id.* at 1467. Members of the public "must be afforded a reasonable opportunity to state their objections." *United States v. Brooklier*, 685 F.2d 1162, 1167-68 (9th Cir. 1982); *accord Phoenix Newspapers*, 156 F.3d at 949 ("In short, at no time was the Press afforded a meaningful opportunity to address sealing the transcripts on the merits, or to discuss with the court viable alternatives.").

Substantively, a proponent of sealing must prove that: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers*, 156 F.3d at 949. The findings may not be based on "conclusory assertions." *Id.*

To the extent that it is apparent from the redacted complaint (the only publicly filed substantive document in this case), the crux of the request to seal appears to be Plaintiffs' desire to prosecute this trademark infringement case anonymously. Pseudonymous proceedings are a "rare dispensation" from a court. *In re Sealed Case*, 971 F.3d 324, 326 (D.C. Cir. 2020) (rejecting corporation's desire to remain anonymous); *accord XYZ*

*Corp. v. United States*, 264 F. Supp. 3d 1348, 1352-53 (CIT 2017) (corporation's fear of reputational or economic harm insufficient to justify anonymous filing).  Global corporations cannot be permitted to use the weight of judicial process to enforce publicly registered trademarks without identifying themselves.  *E.g.*, Dkt. 1 ¶¶ 7-9 at PageID#5.

## CONCLUSION

Based on the foregoing, the Law Center respectfully requests that the Court deny Plaintiffs' motion to proceed pseudonymously and order Dkt. 1, 7, and 10 publicly filed without pseudonyms.  In the alternative, the Law Center asks that the Court order Plaintiffs to file a publicly accessible version of the motions [Dkt. 7 and 10] and provide the public a meaningful opportunity to review those motions and, if appropriate, to object and request a hearing.

DATED:  Honolulu, Hawai`i, September 30, 2020

                                /s/ Robert Brian Black
                                ROBERT BRIAN BLACK
                                Attorney for Civil Beat Law Center
                                    for the Public Interest